# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

———————————

No. 98-50666
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LUIS L SAIS, JR,

Defendant - Appellant.

———————————

Appeal from the United States District Court
for the Western District of Texas
(W-92-CR-26-2)

———————————

February 17, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Luis L. Sais, Jr., appeals the imposition of an eighteen-month sentence of imprisonment following the revocation of his supervised release pursuant to 18 U.S.C. § 3583(e). He claims that the district erred in the following ways: (1) not sentencing based on the guideline range appearing in U.S.S.G. § 7B1.4; (2) not considering the guideline range appearing in § 7B1.4 in deciding on a sentence; and (3) imposing "too severe" a sentence as a result of not considering the factors listed in 18 U.S.C. § 3553(a) "in a reasoned and deliberate way."[1]

None of Sais' arguments are persuasive. The district court was not obligated to base its sentence on § 7B1.4. *See United States v. Escamilla,* 70 F.3d 835, 835 (5th Cir. 1995) (per curiam).

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH Cir. R. 47.5.4.

[1] Section 3553(a) directs the district court to consider various factors, including § 7B1.4, in deciding on the sentence. *See* 18 U.S.C. § 3553(a)(4)(B).

Neither of the other claims warrants reversal pursuant to the plain error rule.[2] *See United States v. Calverley,* 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).  Even if we reached the merits of these claims, we would not reverse. The record shows that the district implicitly considered § 7B1.4 (as well as other factors listed in § 3553(a)).  *See United States v. Teran,* 98 F.3d 831, 836 (5th Cir. 1996); *United States v. Whitebird,* 55 F.3d 1007, 1010 (5th Cir. 1995).  The sentence did not exceed the two-year statutory maximum and, therefore, was not plainly unreasonable.  *See United States v. Mathena,* 23 F.3d 87, 94 (5th Cir. 1994); *United States v. Headrick,* 963 F.2d 777, 780 (5th Cir. 1992).  We AFFIRM.

---

[2]    We look to the plain error rule because Sais did not object to the lack of consideration of § 7B1.4 or to the sentence in district court. *See United States v. Calverley,* 37 F.3d 160, 162 (5th Cir. 1994) (en banc).